UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Linda Leahy, | No. 2:24-cv-01855-KJM-CKD |
| Plaintiff, | ORDER |
| v. | |
| CMH Homes, Inc., | |
| Defendant. | |

Defendant CMH Homes, Inc. (CMH) moves to compel arbitration of plaintiff Linda Leahy's breach of contract and related claims. Leahy contests the motion, arguing the arbitration agreement is unenforceable because it violates California Business and Professions Code section 7191 (section 7191) and because she did not sign or agree to an arbitration agreement with CMH. As explained below, the court **denies** Leahy's request to find the arbitration agreement unenforceable and holds CMH's motion to compel arbitration **in abeyance** pending an evidentiary hearing to determine whether Leahy agreed to an arbitration provision with CMH.

**I.     BACKGROUND**

Leahy is an Oregon resident who contracted with CMH, a Tennessee corporation, to build a mobile home for her to be placed in Casa Mobile Park in West Sacramento, California. Notice of Removal. Ex. B (Compl.) ¶¶ 1–2, 6, ECF No. 1-2; Mem. P. & A. Supp. Mot. Compel Arb. (Mem.) at 3, ECF No. 15-1. In November 2022 the parties signed a "Manufactured Home

1

Purchase Order" requiring CMH to construct a mobile home for Leahy for $140,000. Campbell Decl. Ex. A at 5, ECF No. 15-2. Leahy put a $1,000 deposit down on the home. *Id.* CMH then constructed the mobile home using parts manufactured outside of California. Caruso Decl. ¶ 2, ECF No. 15-3. CMH manufactured the home in California. Mem. at 7. When the home was completed in March 2023, Leahy and Julie Campbell, a sales manager for CMH, sat down together in person. Leahy Decl. ¶ 7, ECF No. 17-1; Campbell Decl. ¶ 7. Leahy paid for the home in full and Campbell provided her with paperwork to sign. Leahy Decl. ¶ 7; Campbell Decl. ¶¶ 7–8. When the mobile home arrived, Leahy was dissatisfied with its dimensions and features. *See* Compl. ¶¶ 17–22.

## II. PROCEDURAL BACKGROUND

Leahy filed an amended complaint against CMH in Yolo County Superior Court on June 5, 2024, alleging breach of contract, breach of the implied covenant of good faith and fair dealing and fraud. *See* Compl. at 7–10. CMH removed to this court based on diversity jurisdiction. *See* Notice of Removal, ECF No. 1. CMH submits a motion to compel arbitration. ECF No. 15. The matter is now fully briefed, and the court submitted it without a hearing. *See* Opp'n, ECF No. 17 and Reply, ECF No. 19.

## III. LEGAL STANDARD

The Federal Arbitration Act (FAA) applies to a written provision in a contract "evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . ." 9 U.S.C. § 2. "[I]t is the burden of the party claiming that Congress intended to preempt state law to prove it." *Olszewski v. Scripps Health*, 30 Cal. 4th 798, 815 (2003) (citations and internal marks omitted). Valid contract defenses are available to those seeking to invalidate an arbitration agreement under the FAA but "courts may not . . . invalidate arbitration agreements under state laws applicable only to arbitration provisions." *Dr.'s Assocs., Inc. v. Casarotto*, 517 U.S. 681, 686–87 (1996) (citations omitted). If one party disputes another's assertion that they agreed to arbitrate, the FAA requires the district court to "hear the parties" and determine whether "the making of the arbitration agreement [is] in issue." 9 U.S.C. § 4. That is, the court decides whether there is a "genuine dispute of material fact"

under the standard of Federal Rule of Civil Procedure 56, which governs motions for summary judgment. *Hansen v. LMB Mortg. Servs., Inc.*, 1 F.4th 667, 670–71 (9th Cir. 2021). "[O]nce a district court concludes that there are genuine disputes of material fact as to whether the parties formed an arbitration agreement, the court must proceed without delay to trial on arbitrability and hold any motion to compel arbitration in abeyance until the factual issues have been resolved." *Id.* at 672.

**IV.   ANALYSIS**

CMH submits Leahy signed an arbitration agreement, the Binding Dispute Resolution Agreement (BDRA), on March 24, 2023. Mem. at 3. The parties do not dispute that, if valid, the BDRA encompasses Leahy's breach of contract, breach of implied covenant of good faith and fair dealing and fraud claims against CMH. *See* Compl. at 7–10. Instead, the dispute rests on two arguments: (1) Leahy argues the BDRA should not be enforced because it violates section 7191 and (2) Leahy claims she did not actually sign or agree to the BDRA. *See* Opp'n at 1–5. The court addresses each argument in turn.[1]

**A.   Section 7191**

Leahy contends the BDRA is unenforceable because it violates section 7191. *See id.* at 3–5. CMH does not dispute the BDRA violates section 7191. Instead, it argues the FAA applies to the BDRA and preempts section 7191. *See* Reply at 2–4. The court agrees with CMH.

Section 7191 requires contracts relating to work on residential properties of four or fewer units have a specific title for an included arbitration clause: "ARBITRATION OF DISPUTES."

---

[1] CMH argues the court should not consider Leahy's opposition because it was filed 17 days late. *See* E.D. Cal. L.R. 230(c) (providing opposition to motion shall be filed and served no later than 14 days after motion was filed); Stmt. Non-Opp'n, ECF No. 16; Reply at 2, ECF No. 19. Leahy's lawyer, Elan Dunaev, has filed a declaration, stating the untimely opposition was due to excusable neglect stemming from a recent amendment to the Local Rules that he did not catch. Dunaev Decl. ¶¶ 3–4, ECF No. 17-2.

To determine whether an excusable neglect standard has been met for an untimely filing this court examines the following factors: (1) the danger of prejudice to the opposing party, (2) the length of the delay and its impact, (3) the reason for the delay, and (4) whether the party acted in good faith. *See Rodriquez v. USF Reddaway, Inc.*, No: 22-0210, 2022 WL 18012518, at *6 n.1 (E.D. Cal. Dec. 29, 2022). Here, CMH has not pled it was prejudiced by the delay and therefore the court finds good cause to consider Leahy's opposition.

3

1    Cal. Bus. & Prof. Code § 7191(a).  Section 7191 also contains other requirements for the

2    arbitration provision including font size, the capitalization of letters and mandatory language.  *See*

3    *id.* § 7191(a)–(b).

4         Whether section 7191 invalidates the BDRA depends on whether the FAA applies to the

5    transaction between CMH and Leahy.  As noted, the party seeking to enforce an arbitration

6    agreement bears the burden of showing the FAA applies to the agreement.  *Olszewski*, 30 Cal.4th

7    at 815.  The party must show that the controversy in fact—not necessarily controversies

8    contemplated by the parties upon the signing of the contract—involved commerce.  *Allied-Bruce*

9    *Terminix Cos., Inc. v. Dobson*, 513 U.S. 265, 277–81 (1996).  The Supreme Court has interpreted

10   "involving commerce" to encompass all conceivable activities Congress could regulate under its

11   Commerce Clause power.  *See id.* at 273.

12        Here, CMH has met its burden to show the FAA applies to the BDRA.  *See* Mem. at 6–8.

13   The parties are not residents of California.  *See id.* at 7.  Leahy is a resident of Oregon.  Compl.

14   ¶ 1.  CMH is incorporated in Tennessee.  *See* Notice of Removal ¶¶ 8–9.  CMH provides

15   uncontested evidence from Lisa Caruso, a CMH employee, that most of the parts for the mobile

16   home built for Leahy came from outside of California.  Caruso Decl. ¶ 2.  CMH manufactured the

17   home in West Sacramento.  Mem. at 7.  The FAA applies to this transaction because goods were

18   physically shipped across state lines and because the parties are from different states.  *See Allied-*

19   *Bruce Terminix*, 513 U.S. at 273–74 (noting the core of Congress's commerce power is to

20   regulate physical flow of goods across state lines and the FAA also applies to contracts between

21   interstate residents).

22        The Supreme Court has repeatedly held that the FAA preempts state laws "that single out

23   executed arbitration agreements and prevent the enforcement of such agreements according to

24   their terms."  *Chamber of Com. of the U.S. v. Bonta*, 62 F.4th 473, 483 (9th Cir. 2023) (collecting

25   cases).  This "equal-treatment principle . . . requires courts to place arbitration agreements on

26   equal footing with all other contracts."  *Id.* (citations and internal marks omitted).  Here, section

27   7191 applies only to arbitration provisions and not to contracts generally.  The court cannot

invalidate an arbitration provision based on section 7191 because it singles out arbitration provisions. *See Casarotto*, 517 U.S. at 686–87. The FAA preempts section 7191.

Leahy cites *Woolls v. Superior Court*, 127 Cal. App. 4th 197 (2005), as evidence that section 7191 applies to the BDRA. Opp'n at 4–5. But the court in *Woolls* applied section 7191 only after finding the party seeking to enforce the agreement had not met its burden to show the FAA applied to the arbitration agreement. *Id.* at 213–15. The case involved a dispute over a contract between California residents to renovate a single-family home in California. *Id.* The party invoking the FAA did not provide any evidence to show how the contract involved interstate commerce. *See id.*; *see also Lane v. Francis Cap. Management*, 224 Cal. App. 4th 676, 688 (2014) (finding defendant had not met burden of proving preemption because all parties were California residents and defendant had not submitted a declaration or other evidence showing dispute involved interstate commerce). As noted above, CMH has met its burden to show the FAA applies to the BDRA by submitting evidence that goods crossed state lines and the parties are residents of different states.

**B.     The BDRA**

Leahy claims she never agreed to the BDRA and submits her own declaration as evidence. Leahy Decl. ¶ 2. CMH submits a declaration of Campbell. *See generally* Campbell Decl. Campbell claims she witnessed Leahy sign the BDRA on March 24, 2023. *See id.* ¶¶ 8–9. Campbell submits a copy of the BDRA signed by a "Linda Leahy" and dated March 24, 2023. Campbell Decl. Ex. C at 18. CMH requests an evidentiary hearing to determine whether Leahy signed the BDRA. Reply at 5. The court agrees that an evidentiary hearing is necessary.

Leahy submits she did not meet Campbell on March 24, 2023, because her daughter had surgery that day. Leahy Decl. ¶ 5. Leahy claims she did not meet Campbell until March 27, 2023, when Leahy received some "paperwork to sign." *Id.* ¶ 7. According to Leahy, the paperwork did not include the BDRA. *Id.* ¶ 8. Leahy's narrative of events is open to question. In her operative complaint, Leahy attaches as exhibit 1 a copy of the sales agreement between CMH and Leahy, perhaps mistakenly thinking it was the November 2022 agreement. *See* Compl. ¶ 6 & Ex. 1 at 14. The sales agreement bears a signature identified as Leahy's and is dated March

24, 2023. *Id.* Campbell has submitted a copy of the same agreement with the same date and signature. *See* Campbell Decl. ¶ 7 & Ex. B at 12. Nevertheless, even though Leahy admits to signing some paperwork at some point with Campbell and even if her contention that she did not meet Campbell on March 24, 2023, is questionable, there is still a dispute of material fact regarding whether Leahy signed the BDRA and agreed to arbitrate her disputes with CMH.

The court therefore will hold an evidentiary hearing to determine whether Leahy agreed to an arbitration agreement with CMH. *See Hansen*, 1 F.4th at 672 (noting "the court must proceed without delay to a trial on arbitrability and hold any motion to compel arbitration in abeyance until the factual issues have been resolved.").

## V.   CONCLUSION

Leahy's request to find the arbitration agreement unenforceable is **denied.** CMH's motion to compel arbitration is **held in abeyance** pending an evidentiary hearing to determine if Leahy consented to an arbitration agreement with CMH. Within **30 days,** the parties must meet and confer and submit a joint statement for the evidentiary hearing. The statement should include proposed dates for the hearing, an estimate of how long the hearing will last, witness and exhibit lists, a list of undisputed facts, and a list of disputed facts. Upon receipt of the joint statement, the court will set an evidentiary hearing date as well as dates for any status conference beforehand needed.

IT IS SO ORDERED.

DATED: January 28, 2025.

SENIOR UNITED STATES DISTRICT JUDGE